UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEON-KYEONG K.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:18-CV-01616-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his assessment of Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's testimony, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 28, 2014, Plaintiff filed an application for SSI. *See* Dkt. 11, Administrative Record ("AR") 25. Plaintiff alleges disability beginning January 1, 2008. *See* AR 25, 303-04. The application was denied upon initial administrative review and on reconsideration. *See* AR 25. There have been two hearings in this matter. ALJ Larry Kennedy held the first hearing on December 18, 2015. *See* AR 53-92. The ALJ continued the hearing to obtain testimony from a medical expert. *See* AR 25; *see also* AR 85-91. The ALJ held the second hearing on March 28, 2016. *See* AR 91-134. In a decision dated October 28, 2016, the ALJ determined Plaintiff to be not disabled. AR 22-49. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 9-14; 20 C.F.R. § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) properly consider her subjective symptom testimony; (2) find her anxiety, panic attacks, and depression were severe impairments at Step Two of the sequential evaluation process, and give appropriate weight to the medical opinion evidence; and (3) meet the burden at Step Five of the sequential evaluation process. Dkt. 13, pp. 4-13. Plaintiff requests the Court remand this matter for an award of benefits. *Id.* at pp. 11, 13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.   Whether the ALJ provided clear and convincing reasons to discount Plaintiff's subjective symptom testimony.**

Plaintiff argues the ALJ failed to provide any clear and convincing reason to discount her subjective symptom testimony. Dkt. 13, pp. 11-12.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). While Social Security Administration ("SSA") regulations have eliminated references to the term "credibility," the Ninth Circuit has held its previous rulings on claimant's subjective complaints – which use the term "credibility" – are still applicable.[1] *See* Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Questions of credibility are solely within the ALJ's control. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).

---

[1] Because the applicable Ninth Circuit case law refers to the term "credibility," the Court uses the terms "credibility" and "subjective symptom testimony" interchangeably.

Plaintiff alleges disability partly due to mastocytosis, a mast cell syndrome, as well as episodes of anaphylactic shock and fatigue. *See* AR 319, 343; *see also* AR 75-76, 81, 83, 100-01, 107-08. Plaintiff maintains her conditions are triggered by environmental, physical, and emotional stressors, such as heat and cold, sounds, exhaustion, and psychological stress. *See* AR 81, 83-84, 351. Plaintiff states that, when triggered, her "body can go through very severe anaphylaxis at any moment, which can be fatal." AR 351. As such, Plaintiff stays home and "away from most . . . physical and social activities[.]" AR 351. Plaintiff maintains her conditions cause to become "very easily fatigued," such that she is unable to work. AR 76; *see also* AR 352. Plaintiff states that reading in bed makes her so fatigued that she needs a nap. AR 75-76. Plaintiff testified that her mastocytosis makes it difficult to concentrate due to "brain fog." AR 81; *see also* AR 83, 351, 356. Plaintiff asserts she has "poor memory and concentration," and it is "difficult to finish a task[,] especially if it has a time limit." AR 351; *see also* AR 356. Plaintiff claims she can pay attention "between 0-10 minutes," and walk "between 0-30 minutes" before needing to stop and rest. AR 356. She handles stress "very poorly," and suffers from physical and psychological symptoms when stressed. *See* AR 357.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 32. However, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 32. Specifically, the ALJ discounted Plaintiff's subjective symptom testimony because of (1) her daily activities, and (2) the objective medical evidence. *See* AR 32-35.

First, the ALJ found Plaintiff's "activities of daily living during the period at issue suggest she was not limited to the degree alleged." AR 32; *see also* AR 33-34. In discounting Plaintiff's testimony because of her daily activities, the ALJ stated:

> The claimant's level of functioning in June 2014, as reported in her function report, was quite good. For example, she had no problems with personal care tasks. She needed no special reminders. She prepared her own meals and could do household chore such as vacuuming, laundry, and ironing. She went outside once or twice a week. Despite her allegedly unpredictable episodes of anaphylaxis and difficulty with concentration, she drove a car. She went shopping for groceries once or twice a week for about 30 minutes each time. She was able to pay bills, count change, handle a savings account, and use a checkbook. Despite her allegation of avoiding most social activities, she reported that she did spend time with others, Skyping and talking with housemates at home.

AR 33 (citation omitted).

There are two grounds under which an ALJ may use daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony, and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). In this case, the ALJ referred to the first ground by claiming Plaintiff's activities were inconsistent with her allegations. *See* AR 32-34. Although the ALJ described several activities he found Plaintiff engages in and concluded these were inconsistent with her allegations, he failed to explain *how* several of the cited activities undermined Plaintiff's testimony. *See* AR 32-34. As the ALJ did not explain "*which* daily activities conflicted with *which* part of [Plaintiff's] testimony," he erred. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original); *see also Lester*, 821 F.3d at 834 (citation omitted) ("General findings [of credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

Furthermore, in discounting Plaintiff's testimony, the ALJ cited activities such as self-care, meal preparation, and household chores. *See* AR 33. "Evidence that [Plaintiff] is able to socialize or perform some household chores is not determinative of disability." *McClain v. Halter*, 10 Fed. Appx. 433, 437 (9th Cir. 2001) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987)); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M[any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). As such, the ALJ's generalized assertion about Plaintiff's home activities is not a clear and convincing reason, supported by substantial evidence, to discount her testimony.

In addition to lacking the adequate specificity, the ALJ's finding that Plaintiff's testimony is contradicted by her daily activities lacks support from the record with regards to several of the activities the ALJ cited. For instance, the ALJ determined that, despite Plaintiff alleging that she avoids social activities, she reported spending time with others via Skype and with her housemates. AR 33. The record reflects Plaintiff alleged being "very limited with social activities and staying home alone most of the time." AR 356; *see also* AR 355. Plaintiff's allegation that she is limited in her social activities and stays home most of the time is not necessarily inconsistent with her reports that she has a Skype call with a friend once a week and talks to friends *at home* one to two times per week. AR 355. Considering the context of Plaintiff's allegations, the ALJ's finding that Plaintiff's reports about Skype and spending time with housemates undermine her reported social limitations is not supported by substantial evidence.

The ALJ also found that despite Plaintiff's "allegedly unpredictable episodes of anaphylaxis and difficulty with concentration, she drove a car." AR 33. Yet the ALJ failed to

explain how Plaintiff's ability to drive a car is undermined by these reports. *See* AR 33. Plaintiff also reported that, while she can drive, she only goes outside "once or twice a week" and tries "to go with somebody if possible in case of [an] emergency." AR 354. Plaintiff further reported she can concentrate for up to 30 minutes at one time. AR 356. The ALJ's conclusory reasoning, however, overlooks these reports from Plaintiff, which may provide context to her ability to drive notwithstanding her episodes of anaphylaxis and difficulty with concentration. *See* AR 33; *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record.")' *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Accordingly, the ALJ's finding that Plaintiff's ability to drive undermines her testimony lacks support from substantial evidence in the record.

Moreover, the ALJ found Plaintiff's ability to go on a trip to Korea from December 2014 to April 2015 "belies the degree of her symptoms and limitations." AR 34. Again, however, the ALJ failed to explain how Plaintiff's testimony is undermined by her ability to go on this trip. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (an ALJ errs when he fails "to identify the testimony she found not credible" and "link that testimony to the particular parts of the record supporting her non-credibility determination"). Additionally, the record reflects Plaintiff had a "pretty substantial event" during this trip, during which she experienced a "rapid pulse" and lightheadedness. AR 668. Though Plaintiff's symptoms "abated over a few [hours]," she needed to rest to rest for three days after this "before feeling back to her normal baseline."

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

AR 668. Hence, contrary to the ALJ's suggestion, Plaintiff was not without limitations while on this trip. The Court also notes the record shows Plaintiff went to Korea to visit family who "brought her back" there. AR 668. The Ninth Circuit has held that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Thus, the ALJ's assertion that Plaintiff's trip to Korea undermined her allegations is error because it is conclusory and lacks support from substantial evidence in the record.

Furthermore, in his assessment of Plaintiff's testimony, the ALJ noted Plaintiff "was working several hours a month as a Korean language medical interpreter." AR 34. Nonetheless, the ALJ failed to connect Plaintiff's work as an interpreter to any particular aspect of Plaintiff's testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (internal quotation marks and citation omitted) (the ALJ must specifically identify the testimony he finds not credible and explain what evidence undermines the testimony). In addition, Plaintiff testified she works as an interpreter 1-2 times per week, at 1-2 hours each time. *See* AR 120-21. Such a limited schedule does not in itself contradict Plaintiff's disability allegations. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week."). Considering the ALJ's lack of explanation and Plaintiff's schedule, the Court finds Plaintiff's limited work as an interpreter not a clear and convincing reason to reject her subjective symptom testimony.

Lastly, in his description of Plaintiff's daily activities, the ALJ remarked that Plaintiff has engaged in vocational rehabilitation. *See* AR 34-35. To the extent the ALJ intended to discount Plaintiff's testimony based on her engagement in vocational rehabilitation, this, too was error.

1 | The ALJ failed to explain which part of Plaintiff's testimony he found undermined by Plaintiff's
2 | involvement in vocational rehabilitation. *See* AR 34-35. The ALJ likewise failed to provide any
3 | explanation as to *how* Plaintiff's testimony is undermined by her involvement in vocational
4 | rehabilitation. *See* AR 34-35. For instance, though the ALJ noted Plaintiff "offered and accepted
5 | a part-time" tutoring position at six hours per week, the ALJ did not state whether, and if so,
6 | how, this contradicts Plaintiff's testimony. *See* AR 35; *see also Laborin v. Berryhill*, 867 F.3d
7 | 1151, 1155 (9th Cir. 2017) (emphasis and alteration in original) (quoting *Brown-Hunter*, 806
8 | F.3d at 489, 494) ("the ALJ must give 'specific, clear, and convincing reasons for rejecting' the
9 | testimony by identifying '*which* testimony [the ALJ] found not credible' and explaining '*which*
10 | evidence contradicted that testimony.'"). Further, the ALJ's suggestion that Plaintiff's
11 | involvement in vocational rehabilitation contradicts her testimony lacks support from substantial
12 | evidence. The record reflects Plaintiff experienced several difficulties in vocational
13 | rehabilitation, such as that she was "unable to concentrate or focus," "sometimes
14 | misunderst[ood] material," and "was usually disoriented and tired" at the end of a 2-hour shift
15 | and "barely able to drive home." *See* AR 412-13. The ALJ's comments about Plaintiff's
16 | involvement in vocational rehabilitation are therefore not clear and convincing reasons to
17 | discount her testimony.
18 |       In sum, the ALJ's first reason for discounting Plaintiff's testimony is not clear and
19 | convincing, as it lacks the adequate specificity necessary to reject Plaintiff's reports and support
20 | from substantial evidence in the record.
21 |       Second, the ALJ discounted Plaintiff's subjective symptom testimony because he found
22 | Plaintiff's testimony not supported by the objective medical evidence. *See* AR 32-33. A
23 | claimant's pain testimony cannot be rejected "solely because the degree of pain alleged is not
24 |

supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.3d 341, 346-47) (9th Cir. 1991) (en banc)). This is true for a claimant's other subjective complaints, as well. *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (holding that, although *Bunnell* was couched in terms of subjective complaints of pain, its reasoning extends to non-pain complaints). As this is the only remaining reason for discounting Plaintiff's testimony, this is not sufficient to discount Plaintiff's testimony.

Because the ALJ erred in his assessment of Plaintiff's subjective symptom testimony, the Court must determine whether this error was harmless. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, had the ALJ properly considered Plaintiff's testimony, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. For example, the RFC and hypothetical questions may have included greater limitations given Plaintiff's testimony that she struggles to finish tasks with time limits and can only concentrate up to 30 minutes at one time. The RFC and hypothetical questions may have also reflected Plaintiff's testimony that her conditions are triggered by hot and cold environments. The RFC and hypothetical questions posed to the VE did not contain limitations

reflecting Plaintiff's testimony. *See* AR 31, 126-33. Because the ultimate disability determination may have changed with proper consideration of Plaintiff's testimony, the ALJ's error is not harmless and requires reversal. The ALJ shall reconsider this entire matter on remand.

**II.  Whether the ALJ properly considered Plaintiff's severe impairments at Step Two and the medical opinion evidence.**

Plaintiff contests the ALJ's consideration of her anxiety, panic attacks, and depression at Step Two of the sequential evaluation process, and the ALJ's treatment of the medical opinion evidence. *See* Dkt. 13, pp. 4-9.

The Court has determined the ALJ harmfully erred in his assessment of Plaintiff's subjective symptom testimony and has directed the ALJ to re-evaluate this entire matter on remand. *See* Section I., *supra*. As such, the ALJ shall reconsider Plaintiff's impairments at Step Two, including whether her anxiety, panic attacks, and depression are severe impairments. Likewise, the ALJ is directed to reassess the medical opinion evidence on remand.

**III.  Whether the RFC and Step Five findings are supported by substantial evidence.**

Plaintiff maintains the RFC and Step Five findings lack support from substantial evidence. Dkt. 13, pp. 7-10.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess this entire matter on remand, including Plaintiff's subjective symptom testimony, Step Two, and the medical opinion evidence. *See* Sections I.-II., *supra*. Hence, the ALJ shall reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the

national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

**IV. Whether an award of benefits is warranted.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 10, pp. 11-13.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has instructed the ALJ to re-evaluate this entire matter on remand, including the Step Two findings, Plaintiff's subjective symptom testimony, and the medical opinion evidence. Because outstanding issues remain regarding Plaintiff's severe impairments, Plaintiff's testimony, the medical opinion evidence, the RFC, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 15th day of May, 2019.

David W. Christel
United States Magistrate Judge